NELSON MULLINS RILEY & SCARBOROUGH LLP
RYAN E. COSGROVE, State Bar No. 277907
350 South Grand Avenue, Suite 2200
Los Angeles, CA 90071
Telephone: 424.221.7470
Facsimile: 279.202.2017
E-mail: ryan.cosgrove@nelsonmullins.com

Attorneys for Defendant,
FIRST NATIONAL BANK OF PENNSYLVANIA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUN WEST MORTGAGE COMPANY, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>FIRST NATIONAL BANK OF PENNSLVANIA, as successor to HOWARD BANK, a Maryland State Chartered trust company, as successor to FIRST MARINER BANK,<br><br>Defendant. | Case No. 8:25-cv-02431<br><br>**FIRST NATIONAL BANK OF PENNSYLVANIA'S ANSWER TO SUN WEST MORTGAGE COMPANY, INC.'S COMPLAINT** |

Defendant, First National Bank of Pennsylvania ("FNB"), by its undersigned counsel, submits this Answer to Complaint ("Complaint") filed by Plaintiff, Sun West Mortgage Company, Inc. ("Sun West" or "Plaintiff").

## **ANSWER**

FNB responds to the specific allegations of Plaintiff's Complaint, in accordance with the order and number of paragraphs in which they are alleged as follows:

# INTRODUCTION

1. Paragraph 1 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 1 of the Complaint can be construed as factual in nature, FNB denies them.

2. FNB admits the allegations set forth in Paragraph 2 of the Complaint.

3. To the extent that Paragraph 3 states a legal conclusion, no response is required. FNB further states that March 31, 2011 Assignment Agreement speaks for itself.

4. FNB admits the allegations set forth in Paragraph 4 of the Complaint.

5. FNB admits the allegations set forth in Paragraph 5 of the Complaint.

6. Paragraph 6 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 6 of the Complaint can be construed as factual in nature, FNB denies them.

7. FNB lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

8. FNB lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint.

9. FNB denies the allegations set forth in Paragraph 9 of the Complaint.

10. FNB lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint.

11. To the extent that Paragraph 11 states a legal conclusion, no response is required. FNB further states that the terms of the letter dated October 8, 2024 speak for themselves.

12. FNB lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint.

13. FNB lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint.

14. FNB lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint.

15. FNB lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint.

16. Paragraph 16 states a legal conclusion to which no response is required.

17. FNB denies the allegations set forth in Paragraph 17 of the Complaint.

18. FNB denies the allegations set forth in Paragraph 18 of the Complaint

### PARTIES

19. FNB lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint.

20. Lines 4-6 and 9-11 of Paragraph 20 state legal conclusions to which no response is required. FNB admits the remaining allegations set forth in Paragraph 20.

### JURISDICTION AND VENUE

21. Paragraph 21 states a legal conclusion to which no response is required.

22. Paragraph 22 states a legal conclusion to which no response is required.

### FACTUAL ALLEGATIONS

23. To the extent that Paragraph 23 states a legal conclusion, no response is required. FNB further states that March 31, 2011 Assignment Agreement speaks for itself.

24. FNB admits the allegations set forth in Paragraph 24 of the Complaint.

25. FNB admits the allegations set forth in Paragraph 25 of the Complaint.

26. FNB admits the allegations set forth in Paragraph 26 of the Complaint.

27. FNB states that the Settlement Agreement speaks for itself and denies any selective quoting or mischaracterization of the Settlement Agreement inconsistent with its plain language. To the extent that any of the allegations set forth in Paragraph 27 of the Complaint can be construed as factual in nature, FNB denies them.

28. Paragraph 28 states a legal conclusion to which no response is required. To the extent that any of the allegations set forth in Paragraph 28 of the Complaint can be construed as factual in nature, FNB denies them.

29. Paragraph 29 states a legal conclusion to which no response is required.

30. FNB denies the allegations set forth in Paragraph 30 of the Complaint

31. FNB admits the allegations set forth in Paragraph 31 of the Complaint.

32. FNB states that the Court's Judgment speaks for itself and denies any selective quoting or mischaracterization of the Settlement Agreement inconsistent with its plain language.

33. FNB states that the Court's Findings of Fact and Conclusions of Law speak for themselves and denies any mischaracterization of the Findings of Fact and Conclusions of Law inconsistent with their plain language. To the extent that any of the allegations set forth in Paragraph 33 of the Complaint can be construed as factual in nature, FNB denies them.

34. FNB states that the Court's Findings of Fact and Conclusions of Law and the Settlement Agreement speak for themselves and denies any mischaracterization of the Court's Findings of Fact and Conclusions of Law or Settlement Agreement inconsistent with their plain language. To the extent that any of the allegations set forth in Paragraph 34 of the Complaint can be construed as factual in nature, FNB denies them.

35. FNB states that the Court's Findings of Fact and Conclusions of Law speak for themselves and denies any mischaracterization of the Findings of Fact and Conclusions of Law inconsistent with their plain language.

36. FNB lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint.

37. FNB lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint.

38. FNB lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint.

39. FNB lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint.

40. FNB lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint.

41. FNB lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint.

42. FNB states that Sun West's letter dated October 8, 2024 speaks for itself and denies any mischaracterization of it inconsistent with its plain language.

43. FNB admits the allegations set forth in Paragraph 43 of the Complaint.

44. FNB admits that it requested Sun West to seek a 30-day extension from FNMA. FNB lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 44 of the Complaint.

45. FNB states that Sun West's email correspondence from December 2024 speaks for itself and denies any mischaracterization of it inconsistent with its plain language.

46. FNB denies the allegations set forth in Paragraph 46 of the Complaint.

47. FNB admits the allegations set forth in Paragraph 47 of the Complaint.

48. FNB lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint.

49. FNB denies the allegations set forth in Paragraph 49 of the Complaint.

50. FNB denies the allegations set forth in Paragraph 50 of the Complaint.

51. FNB denies the allegations set forth in Paragraph 51 of the Complaint.

52. FNB lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint.

53. FNB states that Sun West's letter dated May 20, 2025 speaks for itself and denies any selective quoting or mischaracterization of the May 20, 2025 letter

1  inconsistent with its plain language. To the extent that any of the allegations set forth
2  in Paragraph 53 of the Complaint can be construed as factual in nature, FNB denies
3  them.

4      54.    FNB states that Sun West's letter dated May 20, 2025 speaks for itself
5  and denies any selective quoting or mischaracterization of the May 20, 2025 letter
6  inconsistent with its plain language. To the extent that any of the allegations set forth
7  in Paragraph 54 of the Complaint can be construed as factual in nature, FNB denies
8  them.

9      55.    FNB states that Sun West's letter dated May 20, 2025 speaks for itself
10 and denies any selective quoting or mischaracterization of the May 20, 2025 letter
11 inconsistent with its plain language. To the extent that any of the allegations set forth
12 in Paragraph 55 of the Complaint can be construed as factual in nature, FNB denies
13 them.

14     56.    FNB states that Sun West's letter dated May 20, 2025 speaks for itself
15 and denies any selective quoting or mischaracterization of the May 20, 2025 letter
16 inconsistent with its plain language. To the extent that any of the allegations set forth
17 in Paragraph 56 of the Complaint can be construed as factual in nature, FNB denies
18 them.

19     57.    FNB lacks knowledge or information sufficient to form a belief about
20 the truth of the allegations in Paragraph 57 of the Complaint.

21     58.    FNB states that Sun West's letter dated June 16, 2025 speaks for itself
22 and denies any selective quoting or mischaracterization of the June 16, 2025 letter
23 inconsistent with its plain language.

24     59.    FNB lacks knowledge or information sufficient to form a belief about
25 the truth of the allegations in Paragraph 59 of the Complaint.

26     60.    FNB lacks knowledge or information sufficient to form a belief about
27 the truth of the allegations in Paragraph 60 of the Complaint.

28

61. FNB states that Sun West's letter dated July 10, 2025 speaks for itself and denies any selective quoting or mischaracterization of the July 10, 2025 letter inconsistent with its plain language. To the extent that any of the allegations set forth in Paragraph 61 of the Complaint can be construed as factual in nature, FNB denies them.

62. FNB states that Sun West's letter dated August 7, 2025 speaks for itself and denies any selective quoting or mischaracterization of the August 7, 2025 letter inconsistent with its plain language.

63. FNB admits that it requested Sun West to seek an extension to repurchase the Besner Loan from FNMA. As to the remaining allegations of Paragraph 63, FNB states that Sun West's August 26, 2025 correspondence speaks for itself and denies any selective quoting or mischaracterization of the correspondence inconsistent with its plain language.

64. FNB states that Sun West's email dated August 29, 2025 speaks for itself and denies any selective quoting or mischaracterization of the August 29, 2025 email inconsistent with its plain language.

65. FNB states that Sun West's letter dated September 2, 2025 speaks for itself and denies any selective quoting or mischaracterization of the September 2, 2025 letter inconsistent with its plain language.

66. FNB states that Sun West's letter dated September 2, 2025 speaks for itself and denies any selective quoting or mischaracterization of the September 2, 2025 letter inconsistent with its plain language.

67. FNB states that Sun West's letter dated September 3, 2025 speaks for itself and denies any selective quoting or mischaracterization of the September 3, 2025 letter inconsistent with its plain language.

68. FNB lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 of the Complaint.

69. FNB denies the allegations set forth in Paragraph 69 of the Complaint.

70. FNB denies the allegations set forth in Paragraph 70 of the Complaint.

71. FNB denies the allegations set forth in Paragraph 71 of the Complaint.

72. FNB denies the allegations set forth in Paragraph 72 of the Complaint.

## FIRST CLAIM FOR RELIEF

### (Breach of Written Agreement – The Garcia Loan)

73. FNB incorporates its responses in Paragraphs 1 through 72 above.

74. FNB admits that Sun West and FNB are both parties to the Settlement Agreement, but the remainder of Paragraph 74 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 74, other than those concerning the fact that Sun West and FNB are parties to the Settlement Agreement, can be construed as factual in nature, FNB denies them.

75. FNB denies the allegations set forth in Paragraph 75 of the Complaint.

76. FNB denies the allegations set forth in Paragraph 76 of the Complaint.

77. FNB denies the allegations set forth in Paragraph 77 of the Complaint.

78. Paragraph 78 states a legal conclusion to which no response is required.

## SECOND CLAIM FOR RELIEF

### (Breach of Written Agreement – The Besner Loan)

79. FNB incorporates its responses in Paragraphs 1 through 78 above.

80. FNB admits that Sun West and FNB are both parties to the Settlement Agreement, but the remainder of Paragraph 80 consists largely of legal conclusions to which no response is required.  To the extent that any of the allegations set forth in Paragraph 80, other than those concerning the fact that Sun West and FNB are parties to the Settlement Agreement, can be construed as factual in nature, FNB denies them.

81. FNB denies the allegations set forth in Paragraph 81 of the Complaint.

82. FNB denies the allegations set forth in Paragraph 82 of the Complaint.

83. FNB denies the allegations set forth in Paragraph 83 of the Complaint.

84. Paragraph 84 states a legal conclusion to which no response is required.

## THIRD CLAIM FOR RELIEF

### (Breach of the Implied Covenant of Good Faith and Fair Dealing—The Garcia Loan)

85. FNB incorporates its responses in Paragraphs 1 through 84 above.
86. FNB denies the allegations set forth in Paragraph 86 of the Complaint.
87. FNB denies the allegations set forth in Paragraph 87 of the Complaint.
88. FNB denies the allegations set forth in Paragraph 88 of the Complaint.
89. FNB denies the allegations set forth in Paragraph 89 of the Complaint.
90. Paragraph 90 states a legal conclusion to which no response is required.

## FOURTH CLAIM FOR RELIEF

### (Breach of the Implied Covenant of Good Faith and Fair Dealing—The Besner Loan)

91. FNB incorporates its responses in Paragraphs 1 through 90 above.
92. FNB denies the allegations set forth in Paragraph 92 of the Complaint.
93. FNB denies the allegations set forth in Paragraph 93 of the Complaint.
94. FNB denies the allegations set forth in Paragraph 94 of the Complaint.
95. FNB denies the allegations set forth in Paragraph 95 of the Complaint.
96. Paragraph 96 states a legal conclusion to which no response is required.

## PRAYER FOR RELIEF

FNB incorporates its responses in Paragraphs 1 through 96 above and denies that Plaintiff is entitled to any of the relief sought in its prayer for relief. FNB further denies each and every allegation in Plaintiff's Complaint not expressly admitted herein.

/ / /

/ / /

/ / /

/ / /

/ / /

As separate affirmative defenses to the Complaint, Defendant alleges, on information and belief, the following defenses. By alleging the following affirmative defenses, Defendant does not assume any burden of production, proof, or persuasion as to such defenses not otherwise imposed by law.

### FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims relating to purported violations of the Settlement Agreement are barred by the applicable statute of limitations. Discovery will bring to light the full extent to which any cause of action arising from each purported violation and/or defect, if they exist at all, arose beyond the applicable statute of limitations period. To the extent any particular violation and/or defect arose beyond the applicable limitations period, Plaintiff's claims relating to such violations and/or defects are barred by the statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of settlement, release, and/or payment.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of set off and/or off set.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to a failure of consideration.

### ELEVENTH AFFIRMATIVE DEFENSE

FNB adopts and incorporates by reference herein all affirmative defenses as may be raised by any other defendant who is, or might be, joined in this action.

### TWELFTH AFFIRMATIVE DEFENSE

FNB reserves the right to rely on any defense available in law or fact in this action and specifically reserves the right to amend, modify, or supplement the defenses stated herein as additional facts become known to it.

### PRAYER FOR RELIEF

WHEREFORE, FNB requests that this Court enter an Order:

1. Entering judgment in favor of FNB and against Plaintiff for all costs and attorneys' fees incurred in connection with this matter; and

2. Awarding all such other and further relief as justice and its cause may require.

DATED: January 5, 2026       NELSON MULLINS RILEY & SCARBOROUGH LLP

By: _____/s/ *Ryan E. Cosgrove*_____
RYAN E. COSGROVE
Attorneys for Defendant
FIRST NATIONAL BANK OF PENNSYLVANIA

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first class postage prepaid, to all counsel of record in this matter.

*/s/ Ryan E. Cosgrove*
Ryan E. Cosgrove